UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SUZETTE SIMPSON,

                Plaintiff,

- against -

NORTH SHORE LIJ FOREST HILLS HOSPITAL,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-4029 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On July 8, 2015, plaintiff Suzette Simpson filed this *pro se* action alleging employment discrimination against her former employer, North Shore LIJ Forest Hills Hospital ("North Shore"), in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). The Court grants Simpson's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and directs her to file an amended complaint within 30 days of this Order.

## BACKGROUND

Simpson, a temporary clerical support associate at North Shore, alleges that her supervisor, Myra Hankerson, "laughed at her accent" and bullied her in violation of Title VII. (Compl. (Doc. No. 1) at 5–6.[1]) Hankerson allegedly asked Simpson why she came to America and told staff members that Simpson mispronounced someone's name. (*Id.* at 6.) Simpson attaches an email to her complaint detailing the circumstances surrounding a verbal warning that Hankerson gave her about her work. (*Id.* at 5.) The warning appears to have been based on Simpson getting help from co-workers for office tasks, calling a doctor to check about using certain equipment with patients, and not putting schedules in rooms at the hospital. (*Id.*) Simpson describes the warning as part of Hankerson's six months of bullying. (*Id.*) Simpson

---

[1] For ease of reference, ECF pagination is used throughout this Order.

also attaches a letter from North Shore that states that her employment as a temporary clerical support associate was terminated because she failed to meet the expectation that she would "fully perform all of the duties performed by a [Clerical Support Associate]." (*Id.* at 10.) On June 12, 2015, the Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights. (*Id.* at 8.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

2

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex [gender] or national origin." 42 U.S.C. § 2000e-2(a)(1); *Rich v. Associated Brands, Inc.*, 379 F. App'x 78, 80 n.1 (2d Cir. 2010). Title VII also provides that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

In the Title VII context, "at the initial stage of the litigation . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations omitted) (citation omitted) (internal quotation marks omitted).

Here, even under the most liberal interpretation of Simpson's allegations of Title VII discrimination and retaliation, she fails to plead a plausible claim under Title VII. While plaintiff checks off national origin on the form complaint as the basis for the alleged discrimination, she does not provide facts which would connect any adverse employment action to her national origin. (Compl. at 3–4.) Nor has Simpson provided any facts that would suggest

3

an inference of discriminatory motivation. Instead, Simpson alleges that she was "bullied" and "treated poorly" by her supervisor, Hankerson. (*Id.*) Simpson states that Hankerson "laugh[ed] at [her] accent" and asked her why she came to America, but these actions are not tied to the pattern of "bullying," the verbal warning, or Simpson's ultimate termination. (*Id.* at 6.) The email and letter that Simpson attaches to the complaint provide multiple possible non-discriminatory explanations for her termination, most fundamentally, that she was not fulfilling the expectations for her job. (*Id.* at 5, 10.) Furthermore, Simpson's statement of claim is completely devoid of any facts from which the Court could infer a plausible retaliation claim under Title VII. (*Id.* at 4.)

Therefore, plaintiff's claims of discrimination and retaliation do not state a plausible claim. Plaintiff does not describe any facts, protected activity, or any other factors outlined above, that would give rise to a Title VII claim of discrimination or retaliation. *Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions" and must "plausibly suggest an entitlement to relief."); *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (stating that although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, a plaintiff must still plead enough facts to make her claim plausible).

## CONCLUSION

In light of Simpson's *pro se* status, the Court directs her to file an amended employment discrimination complaint within 30 days of the entry of this order. Simpson must provide facts sufficient to support a plausible claim that North Shore discriminated and or retaliated against her in violation of Title VII.

If Simpson elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 15-CV-4029 (RRM) (LB). In the amended complaint, she must provide facts to support her claims of discrimination and retaliation. She must also provide the dates of all relevant events related to her claims of discrimination and retaliation. If filed, the amended complaint shall replace the original complaint. No summons shall issue and all further proceedings shall be stayed for 30 days or until plaintiff has complied with this Order.

If Simpson fails to file an amended complaint within the time allowed, the action shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as set forth above and judgment shall enter.

The Clerk of Court shall send Simpson a copy of this Memorandum and Order, and an employment discrimination complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
January 29, 2016

———————————————
ROSLYNN R. MAUSKOPF
United States District Judge